**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| MANUEL RAUL REYO PENA ) | |
| GARCIA MONTERO,[1] ) | |
| ID # 0974-000, ) | |
|     Plaintiff, ) | |
| vs. ) | No. 3:14-CV-3971-K-BH |
| ) | |
| CHIEF COMMANDER ) | |
| of the UNITED STATES ) | Referred to U.S. Magistrate Judge |
|     Defendant. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to *Special Order 3-251*, this *pro se* prisoner case has been referred for pretrial management. Before the Court is the plaintiff's *Application to Proceed In District Court Without Prepaying Fees or Costs*, received November 10, 2014 (doc. 4). Based on the relevant filings and applicable law, the application should be **DENIED**, and this case should be **DISMISSED** pursuant to 28 U.S.C. § 1915(g) unless the plaintiff timely pays the requisite filing fee.

**I. BACKGROUND**

On November 10, 2014, Manuel Raul Reyo Pena Garcia Montero (Plaintiff), an inmate at the Bureau of Prisons' Beaumont-USP facility, filed this civil action naming as defendants the Chief Commander of the United States, the Vice-President, and the governors of all states. (*See* doc. 3.) Although unclear from his rambling statements, he appears to challenge the constitutionality of the election of the current President and Vice-President of the United States through the Electoral College. Plaintiff seeks to proceed *in forma pauperis*.

---

[1] Because the plaintiff has also filed suits as "Manuel Reyes-Pena", and this is how he is listed in the Bureau of Prisons' inmate locator system, the Clerk of Court should add this information to the docket.

## II. THREE STRIKES

As a prisoner in the federal prison system seeking to proceed *in forma pauperis*, Plaintiff's action is subject to review under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. One of the major changes promulgated by the PLRA is the "three-strikes" provision set forth in § 1915(g). It provides that inmates may not proceed without the prepayment of fees if they have previously brought three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless they are in imminent danger of serious physical injury. *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007).

In reviewing what is described as a substantially similar complaint against the same defendants, the United States District Court for the Southern District of Illinois found Plaintiff to have previously accumulated three strikes. *See Reyes-Pena v. Chief Commander of the United States, et al.*, No. 14-CV-815-MJR, 2014 WL 3907738 (S.D. Ill. Aug. 11, 2014) ("Plaintiff has accumulated at least three "strikes" by filing lawsuits that were dismissed for raising frivolous claims or for failing to state a claim upon which relief may be granted").[2] He may therefore not proceed without the prepayment of fees under 28 U.S.C. § 1915(g) unless he shows that he is subject to imminent danger of serious physical injury. He has not made this showing.

## III. RECOMMENDATION

Plaintiff's claims should be summarily **DISMISSED** without prejudice pursuant to 28 U.S.C.

---

[2]The court listed as "strikes" the following cases: *Montero v. Clinton*, No.03-CV-527 (N.D. Ill. Mar. 4, 2003) (dismissed as frivolous); *Montero v. Clinton*, No.03-CV-512 (E.D. N.Y. Feb. 12, 2003) (dismissed as frivolous); *Montero v. Clinton*, No.02-CV-2686 (N.D. Ga. Nov. 27, 2002) (dismissed as frivolous).

§ 1915(g) unless he pays the full $400 filing fee[3] before the acceptance of this recommendation, or some other deadline established by the Court.

**SIGNED this 17th day of November, 2014.**

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[3] As of May 1, 2013, a $50 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $400 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule. Where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, only the $350 filing fee will be deducted from the prisoner's account. *See id.* The $50 administrative fee will not be deducted. *Id.*